```
 1
 2
 3
 4
 5
 6
 7                     UNITED STATES DISTRICT COURT
 8                    CENTRAL DISTRICT OF CALIFORNIA
 9                           WESTERN DIVISION
10
11  TRACY NELSON,                   )  No. CV 13-07893-MWF (VBK)
                                    )
12                Petitioner,       )  ORDER ACCEPTING FINDINGS AND
                                    )  RECOMMENDATIONS OF UNITED STATES
13       v.                         )  MAGISTRATE JUDGE
                                    )
14  M. BITER,                       )
                                    )
15                Respondent.       )
                                    )
16  _____
17       Pursuant to 28 U.S.C. §636, the Court has reviewed the Petition
18  for Writ of Habeas Corpus ("Petition"), the records and files herein,
19  and the Report and Recommendation of the United States Magistrate
20  Judge ("Report").
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //
```

**IT IS ORDERED** that: (1) the Court accepts the findings and recommendations of the Magistrate Judge, and (2) the Court declines to issue a Certificate of Appealability ("COA").[1]

DATED: June 17, 2014

MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE

---

[1] Under 28 U.S.C. §2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Here, the Court has accepted the Magistrate Judge's finding and conclusion that the Petition fails to state a cognizable claim. Thus, the Court's determination of whether a Certificate of Appealability should issue here is governed by the Supreme Court's decision in Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), where the Supreme Court held that, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. at 484. As the Supreme Court further explained:

> "Section 2253 mandates that both showings be made before the court of appeals may entertain the appeal. Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

Here, the Court finds that Petitioner has failed to make the requisite showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

2